GEORGE MELIES CO. v. MOTION PICTURE PATENTS CO. et al.
(MELIES et al., Interveners.)

(Circuit Court, D. New Jersey. July 5, 1911.)

SPECIFIC PERFORMANCE (§ 88*)—GOOD FAITH OF PLAINTIFF—INTENTION.

A party is not entitled in equity to specific performance of a contract, where he has not only failed to perform the terms and conditions of the contract on his part, which were essential parts of the consideration, but did not intend to do so when he entered into the contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 226; Dec. Dig. § 88.*

Persons entitled to enforce specific performance, see note to Lawyer v. Post, 47 C. C. A. 493.]

In Equity. Suit by the George Melies Company against the Motion Picture Patents Company and the Edison Manufacturing Company. George Melies and Gaston Melies intervened. Decree for defendants.

Frank L. Crawford, for complainant.
Anson McCook Beard, for interveners.
J. H. Caldwell, for defendants.

BRADFORD, District Judge. This suit was brought by the George Melies Company against the Motion Picture Patents Company and the Edison Manufacturing Company. Subsequently George Melies and Gaston Melies intervened under an order made with the consent of the original parties. The bill was filed to compel the delivery or execution and delivery to the complainant of two license agreements by the Motion Picture Patents Company which had succeeded to certain patents and rights owned and possessed by the Edison Manufacturing Company. The latter company had agreed to grant certain patent licenses relating to motion pictures to the complainant upon certain terms and conditions expressly assented to and accepted by it. The evidence shows that the complainant not only has failed to perform certain promises and undertakings on its part which largely constituted the consideration for which it was to be licensed, but at the very time of so promising and undertaking did not intend to fulfill its engagements, but had an intention at that time not to observe its promises and undertakings. The vital question here is not how the violation of conditions subsequent is to be taken advantage of, or whether the mere breach of a promise, though intentional, amounts to such misrepresentation as to authorize a rescission of the contract. It is whether one is entitled in equity to demand specific performance who has not only failed to observe the terms and conditions entering into the heart of the contractual consideration, but became a party to the contract with the intention at the time not to comply with such terms and conditions. One who enters into a contract impliedly makes a representation, as a fact, that he has an intention to perform it. An intention is just as much a matter of fact as any physical phenomenon. The Circuit Court of Appeals for this circuit in Rogers v. Virginia-Carolina Chemical Co., 149 Fed. 1, 78 C. C. A. 615, said:

"There is a prima facie presumption of fairness and honesty in the dealings of mankind, and, where one man makes a promise to another as an inducement for a change of position or other action on the part of the latter, he, if not expressly, impliedly avers that he has an existing intent to fulfill his promise, and such implied averment of existing intent is of matter of fact, and, if false and fraudulent, is a fraudulent representation, which may or may not, according to circumstances, furnish the basis for an action ex delicto."

This doctrine is sustained by an overwhelming weight of authority. Nor can one, guilty of such implied and fraudulent misrepresentation, conform to the requirement of the maxim that one seeking equitable relief must come into court with clean hands. The bill must be dismissed with costs to the defendants and interveners. There is no occasion to enter a decree as to the interveners in other respects as it appears they are already in possession of the desired license. It is not necessary to refer to other alleged defenses.